ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| VÍCTOR R. DÍAZ LEÓN<br><br>Apelante<br><br>v.<br><br>MIGDALIA DÍAZ LEÓN, SONIA L. DÍAZ LEÓN, MILAGROS LEÓN LEÓN POR MEDIO DE SU SUCESIÓN COMPUESTA POR JORGE L. SÁNCHEZ DÍAZ Y RUTH M. SÁNCHEZ LEÓN<br><br>Apelados | KLAN202301023 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil Núm.: CY2023CV00097<br><br>Sobre: Sentencia Declaratoria |
| --- | --- | --- |

Panel integrado por su presidente el Juez Hernández Sánchez, la Jueza Martínez Cordero y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece el Sr. Víctor R. Díaz León, mediante un recurso de *Apelación*, y nos solicita que revoquemos una Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI) el 5 de septiembre de 2023 y notificada el 7 de septiembre de 2023. En dicho escrito, el TPI declaró No Ha Lugar la *Demanda* sobre *Sentencia Declaratoria* presentada por el Sr. Víctor R. Díaz León, pues entendió que las demandadas no podían disponer de sus derechos hereditarios sin previamente obtener un Relevo de Caudal Relicto del Departamento de Hacienda y no adjuntar la declaratoria de herederos de una coheredera fenecida.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada.

---

[1]Mediante Orden Administrativa OATA-2023-212 de 6 de diciembre de 2023, se designó al Hon. José I. Campos Pérez en sustitución de la Hon. Giselle Romero García.

Número Identificador

SEN2024 _____

**I.**

El 19 de marzo de 2023, el Sr. Víctor R. Díaz León presentó una *Demanda* sobre *Sentencia Declaratoria* en el TPI contra la Sra. Sonia Luz Díaz León, la Sra. Migdalia Díaz León y la Sucesión Milagros León León compuesta por el Sr. Jorge L. Sánchez Díaz y la Sra. Ruth M. Sánchez León (en adelante, parte demandada o los demandados).[2]

En su demanda, el Sr. Víctor R. Díaz León alegó que, él y los demandados, heredaron una propiedad situada en el municipio de Cayey. Alegó que todos los herederos estipularon que el precio de la propiedad era de $79,999.00. El Sr. Víctor R. Díaz León alegó que luego de descontar su participación en la herencia, le pagó una suma de $10,000.00 a la Sra. Milagros León León, $23,333.34 a la Sra. Sonia Luz Díaz León y $23,333.34 a la Sra. Migdalia Díaz León adquiriendo para él la propiedad. Indicó que, a pesar de haber hecho los alegados pagos, no se ha realizado la escritura de compraventa por lo cual le solicitó al TPI que ordenara la comparecencia de los demandados al otorgamiento de una escritura de compraventa y de esto no ser posible, que ordenara la inscripción de la propiedad en el Registro de la Propiedad a nombre del demandante.

Así las cosas, y ante la incomparecencia de la parte demandada, el 5 de julio de 2023 el Sr. Víctor R. Díaz León presentó una *Moción Urgente en Solicitud de Anotación en Rebeldía y que se dicte Sentencia en Rebeldía.*[3] En el aludido escrito, el demandante alegó que habían transcurrido más de 30 días desde el emplazamiento a la parte demandada sin que comparecieran, por lo que solicitó que se anotara rebeldía y que se dictara sentencia a su favor.

---

[2] Apéndice de la parte apelante, en el Anejo III, págs. 15-18.
[3] Apéndice de la parte apelante, en el Anejo II, págs. 5-14.

Luego de varios incidentes procesales, el TPI emitió el 5 de septiembre de 2023, notificada el 7 de septiembre de 2023, una *Sentencia* en la cual desestimó sin perjuicio la demanda.[4] En su escrito, el foro primario razonó que no procedía la demanda pues:

> [...]
> [e]l Código de Rentas Internas de Puerto Rico establece que el Secretario de Hacienda expedirá un certificado de cancelación de gravamen después de verificar que se han pagado todas las contribuciones que un causante adeude a la fecha de su muerte. Dispone además, que ningún procedimiento para partir y distribuir los derechos y bienes hereditarios que compongan el caudal relicto de un finado puede realizarse sin que medie el certificado de cancelación de gravamen o el correspondiente pago de la contribución que el Secretario de Hacienda haya determinado se adeuda.
> [...]
> [l]as demandadas no podían válidamente disponer de sus derechos hereditarios sobre el referido predio de terreno sin primero cumplir con obtener el relevo de caudal relicto.
> [...]
> Por otro lado, Milagros León León falleció el 27 de agosto de 2020. No hay prueba que haya fallecido testada, o se haya tramitado una declaratoria de herederos. En tal virtud, no se incluyó como parte co-demandada a aquellas personas desconocidas que puedan formar parte de su sucesión. En consecuencia, y por los fundamentos antes expuestos, se desestima sin perjuicio la demanda.

Inconforme con la *Sentencia* emitida, el Sr. Víctor R. Díaz León presentó una *Moción en Solicitud de Reconsideración* el 20 de septiembre de 2023.[5] En dicha moción el Sr. Víctor R. Díaz León anejó los relevos de Hacienda de su fenecido padre Sr. Rafael A. Díaz Rivera y su fenecida madre Sra. Juanita León Reyes, al igual que la declaratoria de herederos de la fenecida Sra. Milagros León León con intención de subsanar la deficiencia señalada por el foro primario.[6]

El 23 de octubre de 2023, notificada el 30 de octubre de 2023, el foro primario emitió una *Orden* declarando No Ha

---

[4] Apéndice de la parte apelante, en el Anejo I, págs. 1-4.

[5] Apéndice de la parte apelante, en el Anejo IV, págs. 34-44.

[6] Apéndice de la parte apelante, en el Anejo IV, págs. 34-44; Véase entrada número 18 del expediente electrónico de Sistema Unificado de Manejo y Administración de Casos (en adelante SUMAC).

Lugar la *Moción en Solicitud de Reconsideración* del Sr. Víctor R. Díaz León.[7]

Inconforme, el Sr. Víctor R. Díaz León acude ante nos mediante el presente recurso de *Apelación*. En su escrito, señala la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la Solicitud de Sentencia Declaratoria.

El 16 de noviembre de 2023 emitimos una *Resolución* en donde le concedimos hasta el 15 de diciembre de 2023 a la parte apelada para presentar su oposición y le advertimos que luego de transcurrido dicho término se atenderá el recurso sin la comparecencia de los apelados. Habiendo transcurrido el término otorgado por este Tribunal, procedemos a atender el recurso sin la comparecencia de la parte apelada.

Por los fundamentos que se expondrán a continuación, se revoca la *Sentencia* apelada.

**II.**

### *Sentencia Declaratoria*

La sentencia declaratoria es aquella que es dictada en un proceso en el cual los:

> ...[h]echos alegados demuestran que existe una controversia sustancial entre partes que tienen intereses legales adversos, sin que medie lesión previa de los mismos con el propósito de disipar la incertidumbre jurídica y contribuir a la paz social...[8]

La Regla 59.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 59.1, expone cuando procede dictar una sentencia declaratoria, respecto a la misma establece que:

> [e]l Tribunal de Primera Instancia tendrá autoridad para declarar derechos, estados y otras relaciones jurídicas aunque se inste o pueda instarse otro remedio. No se estimará como motivo suficiente para atacar un procedimiento o una acción el que se solicite

---

[7] Véase entrada número 22 SUMAC.
[8] R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* San Juan, Ed. LexisNexis de Puerto Rico, Inc., 2017, sec. 6001; pág. 623.

una resolución o sentencia declaratoria. La declaración podrá ser en su forma y efectos, afirmativa o negativa, y tendrá la eficacia y el vigor de las sentencias o resoluciones definitivas. Independientemente de lo dispuesto en la Regla 37, el tribunal podrá ordenar una vista rápida de un pleito de sentencia declaratoria, dándole preferencia en el calendario. (Énfasis suplido)

Sobre las personas legitimadas para poder solicitar el remedio disponible bajo la Regla 59.1 de Procedimiento Civil, *supra*, la Regla 59.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 59.2 (a), expone que estarán legitimadas para solicitar el remedio:

> **[t]oda persona interesada en una escritura, un testamento, un contrato escrito u otros documentos constitutivos de contrato, o cuyos derechos, estado u otras relaciones jurídicas fuesen afectados por un estatuto, una ordenanza municipal, un contrato** o una franquicia, podrá solicitar una decisión sobre cualquier divergencia en la interpretación **o validez** de dichos estatutos, ordenanzas, **contrato** o franquicia, y además que se dicte una declaración de los derechos, **estados u otras relaciones jurídicas que de aquéllos se deriven**. **Un contrato podrá ser interpretado antes o después de haber sido infringido**. (Énfasis suplido)

A luz de todo lo anterior, el Tribunal Supremo ha expresado que la herramienta de sentencia declaratoria tiene como objetivo proveerle a los ciudadanos un mecanismo procesal mediante el cual se dilucidan ante los tribunales "los méritos de cualquier reclamación que en forma latente entrañe un peligro potencial en su contra". *Suárez v. C.E.E. I*, 163 DPR 347, 354 (2004); *Charana v. Pueblo*, 109 DPR 641, 653 (1980).

### *Código de Rentas Internas de Puerto Rico*

La Sección 3434 (a) (1) del Código de Rentas Internas de Puerto Rico de 1994, 13 LPRA, derogado en el 2011, establece una serie de prohibiciones respecto a la enajenación de bienes pertenecientes a un caudal relicto. Estas prohibiciones subsisten a menos que se presente un documento que acredite la cancelación de gravámenes. En lo pertinente, establece que:

> [c]on respecto a cualquier propiedad sujeta al gravamen impuesto por la sección 3431 de esta Ley por **haber sido objeto de transferencia por herencia, manda o legado, con relación a la cual no se presente el certificado de cancelación de gravamen provisto por la sección 3432 de esta Ley, se observarán las siguientes reglas**:
> (1) Tribunales, Notarios y Registradores de la Propiedad.- excepto en los casos específicos autorizados por las Secciones 3312 y 3301 de este Subtítulo, **ningún tribunal aprobará la división o distribución, venta, entrega, cesión** o ejecución de hipoteca sin que se deduzca y se deje depositado en corte, del producto de la subasta, a nombre del Secretario, el monto de la contribución que éste haya determinado o determine es atribuible a dicha propiedad; y ningún notario autorizará, expedirá o certificará documento alguno de división o distribución, venta, entrega, cesión o hipoteca de tal propiedad exceptuándose de esta prohibición la certificación de documentos otorgados con anterioridad al fallecimiento del causante; y ningún registrador de la propiedad inscribirá en registro alguno a su cargo, ningún documento notarial, sentencia o acto judicial, otorgado, dictado o emitido, en relación con cualquier división o distribución, venta, entrega o hipoteca de la mencionada propiedad. (Énfasis suplido)

De igual forma, y con un lenguaje similar al derogado Código de Rentas Internas de Puerto Rico del 1994, la Sección 2054.05 (a) (1) del Código de Rentas Internas de Puerto Rico del 2011, 13 LPRA sec. 31165, según enmendado, expone una serie de actuaciones prohibidas a menos que se presente un documento que demuestre la cancelación de gravámenes. Respecto a las propiedades que forman parte a un caudal relicto expresa que:

> [c]on respecto a cualquier propiedad sujeta al gravamen impuesto por la Sección 2054.01 de este Subtítulo **por haber sido objeto de transferencia por herencia, manda, legado o donación, con relación a la cual no se presente el certificado de cancelación de gravamen dispuesto por la Sección 2054.02 de este Subtítulo, se observarán las siguientes reglas**:
> (1) Tribunales, Notarios y Registradores de la Propiedad. — Excepto en los casos específicos autorizados por las Secciones 2051.08 y 2051.01 de este Subtítulo, **ningún tribunal aprobará la división o distribución, venta, entrega, cesión** o ejecución de hipoteca sin que se deduzca y se deje depositado en corte, del producto de la subasta, a nombre del Secretario, el monto de las contribuciones que éste haya determinado o determine es atribuible a dicha propiedad; y ningún notario autorizará, expedirá o certificará documento alguno de división o

distribución, venta, entrega, cesión o hipoteca de tal propiedad exceptuándose de esta prohibición la certificación de documentos otorgados con anterioridad al fallecimiento del causante; y ningún registrador de la propiedad inscribirá en registro alguno a su cargo, ningún documento notarial, sentencia o acto judicial, otorgado, dictado o emitido, en relación con cualquier división o distribución, venta, entrega o hipoteca de la mencionada propiedad. (Énfasis suplido)

**III.**

En su recurso de *Apelación*, la parte apelante señala que erró el TPI al declarar No Ha Lugar la Solicitud de Sentencia Declaratoria. Le asiste razón, veamos.

El mecanismo de Sentencia Declaratoria le permite al Tribunal declarar derechos, estados y otras relaciones jurídicas. Regla 59.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 59.1. Este mecanismo puede ser solicitado por cualquier interesada en una escritura, un testamento, otros documentos constitutivos de contrato e incluso cuando unos derechos, estado u otras relaciones jurídicas fuesen afectados por un contrato. Regla 59.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 59.2 (a).

Por otro lado, cuando en una compraventa el objeto es una propiedad que forma parte de un caudal relicto, el Código de Rentas Internas de Puerto Rico establece que no podrá ser dividida, cedida, distribuida o vendida sin antes presentar una acreditación de cancelación de gravamen.[9]

En el caso ante nuestra consideración el apelante adquirió una propiedad que formaba parte del caudal hereditario de sus fenecidos padres, el Sr. Rafael A. Díaz Rivera y la Sra. Juanita León Reyes.[10] El demandante compró la propiedad haciendo pagos de una suma de $10,000.00 a la Sra. Milagros León León, $23,333.34 a la Sra. Sonia Luz Díaz León y $23,333.34 a la

---

[9] Véase 3434 (a) (1) del Código de Rentas Internas de Puerto Rico de 1994, 13 LPRA; Sección 2054.05 (a) (1) de Código de Rentas Internas de Puerto Rico del 2011, 13 LPRA sec. 31165.

[10] Apéndice de la parte apelante, en el Anejo III, págs. 15-18.

Sra. Migdalia Díaz León.[11] De igual forma, adquirió una Certificación de Cancelación de Graven sobre la propiedad para el año 2010 de los fenecidos padres.[12] Al haber cumplido con adquirir un certificado de cancelación de gravamen coetáneo a la compraventa y al haber adjuntado la declaratoria de herederos de la fenecida Milagros León León, revocamos la decisión emitida por el foro primario, por lo que procede continuar con los procedimientos ante el TPI.[13]

**IV.**

Por los fundamentos antes expuestos, se revoca la *Sentencia* emitida por el TPI y se ordena que se proceda con los asuntos en el foro primario.

Lo acordó el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Apéndice de la parte apelante, en el Anejo III, págs. 31-33.
[12] Apéndice de la parte apelante, en el Anejo IV, págs. 36-45.
[13] Véase Apéndice de la parte apelante, en el Anejo IV, págs. 36-45; entrada número 18 SUMAC.